IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    3:04cr45/RV
                                       3:05cv382/RV/MD

VINCENT JAMES REAVIS

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 23).  The government has filed a response (doc. 28) and the defendant did not file a reply, although he was given the opportunity to do so.  (Doc. 29).[1]  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant was charged in a single count indictment with possession of a firearm by a convicted felon.  He entered a plea of guilty on June 5, 2004.  He was sentenced to a

---

[1]BOP records reflect that defendant was released from prison on March 14, 2006. http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastNa me=Reavis&Middle=&FirstName=Vincent&Race=U&Sex=U&Age=&x=23&y=36

term of 24 months imprisonment, to be followed by two years of supervised release.[2]  He did not appeal.

In the instant motion, he raises three grounds for relief.  He contends that his right to equal protection were violated, that the indictment was fatally flawed, and that his conviction was unconstitutional. Defendant acknowledges on the final page of his memorandum that "the case law does not agree with [his] position," but asks the court to rule not on what others have decided but on the merits of his claim.


## II.  LEGAL ANALYSIS

The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417

---

[2]Although the defendant is no longer incarcerated this case is not moot.  Once attached, federal jurisdiction is not defeated by the release of a section 2255 petitioner before the section 2255 motion is resolved.  See *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Moreover, because defendant remains on supervised release, a form of custody that could be affected if he prevailed in this action challenging his conviction and sentence, he remains "in custody" within the meaning of 28 U.S.C. § 2255.  *See Dawson v. Scott*, 50 F.3d 884, 886 n2 (11th Cir. 1995); *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995); *Minor v. Dugger*, 864 F.2d 124, 127 (11th Cir. 1989).

(1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Defendant's first claim is that title 18 U.S.C. § 922(g) denies his equal protection rights because it can not be applied to all citizens equally. As an example, he cites an instance where a man with a twenty year old criminal conviction is arrested for constructive possession of a firearm that was found in his wife's vehicle during a traffic stop. Because the firearm in the hypothetical situation was a gift to the woman from her father, who received it as a gift from his employer, and because the man happens to live in the same state where the weapon was manufactured, he cannot be prosecuted in federal court, although the conduct of the hypothetical man was identical to the offense conduct in this case. This, defendant claims, is a violation of equal protection.

It is beyond cavil that felony prosecutions in federal court frequently, if not always, yield harsher sentences than would prosecution in state court for the same conduct. This does not mean every decision to prosecute in federal court is a violation of equal protection. Furthermore, defendant has not alleged, for instance, that he is a member of a protected class unfairly targeted by the statute, or that the decision to prosecute him in

federal rather than state court was a result of some improper motive, or that there was no rational basis for Congress' proscription on possession of firearms by convicted felons.

Defendant's next two arguments are that the indictment was fatally flawed because the plain language of the statute does not proscribe mere possession, and even if it purports to do so, that Congress does not have in its power to make simple possession of a firearm a federal offense.  He appears to contend that the nexus of the firearm in question to commerce was so tenuous as not to be valid, and that it does not fall within the purview of the conduct proscribed by the statute.

Section 922(g) provides in part:

(g) It shall be unlawful for any person--
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
. . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

Evidence that the firearm was manufactured outside of Florida or shipped from a state outside of Florida, and subsequently possessed by the defendant in Florida, is sufficient to establish § 922(g)'s "in or affecting commerce" element.  *See Scarborough v. United States*, 431 U.S. 563, 564-67, 578 & n. 2, 97 S.Ct. 1963, 1964-65, 1970 & n. 2 (1978) (addressing a challenge regarding 18 U.S.C. § 1202(a), the predecessor statute to 18 U.S.C. § 922(g)); *United States v. Clay*, 355 F.3d 1281, 1285-87 (11th Cir. 2004); *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001); *United States v. Dupree*, 258 F.3d 1258, 1259-1260 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 388-90 (11th Cir. 1996).  Therefore, the defendant's argument that the "commerce" connection was too tenuous must fail.

In addition, the constitutionality of this statute, and thus Congress's ability to criminalize possession of a firearm by a convicted felon, has been repeatedly challenged, and upheld.  See *United States v. Peters,* 403 F.3d 1263, 1277 (11th Cir. 2005) (citing *Scarborough v. United States*, 431 U.S. 563, 572, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)

(upholding 18 U.S.C. § 1202(a), the predecessor statute to 18 U.S.C. § 922(g)); *McAllister*, 77 F.3d at, 389 (11th Cir. 1996) (reaffirming the constitutionality of § 922(g) after *[United States v.] Lopez*, [514 U.S. 549, 115 S.Ct. 1624 (1995)]); *United States v. Dupree*, 258 F.3d 1258 (11th Cir. 2001) (reaffirming the constitutionality of § 922(g) after *[United States v.] Morrison*, [529 U.S. 598, 120 S.Ct. 1740 (2000)]); *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004); *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003), cert. denied, ___ U.S. ___, 124 S.Ct. 2837 (2004); *United States v. Scott*, 263 F.3d 1270, 1271-74 (11th Cir. 2001)(per curiam); *United States v. Nichols*, 124 F.3d 1265, 1265-66 (11th Cir. 1997)(per curiam); *United States v. Adams*, 91 F.3d 114, 115 (11th Cir. 1996)(per curiam).

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 23)  be DENIED.

At Pensacola, Florida, this 12th day of June, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).